AO 245B  (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

__EASTERN__ District of __NEW YORK__

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| TIMOTHY GIBSON | Case Number: CR-03-00910(S-5) |
| | USM Number: |
| | Michael Houston, Esq. |
| | Defendant's Attorney |

**FILED IN CLERK'S OFFICE**
**U.S. DISTRICT COURT E.D. N.Y.**
**★ JUL 1 2 2005 ★**
**TIME A.M. ___ P.M. ___**

**THE DEFENDANT:**

X pleaded guilty to count(s)   2

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:846; 841(b)(1)(A)(iii) and 841(b)(1)(D) | Conspiracy to distribute and possess with intent to distribute cocaine base and marijuana | | 2 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s)  all remaining and any underlying indictments   ☐ is   X are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 6, 2005
Date of Imposition of Judgment

Signature of Judge

Charles P. Sifton, U.S.D.J.
Name and Title of Judge

July 7, 2005
Date

A TRUE COPY ATTEST
DATED 7/12 2005
ROBERT C. HEINEMANN
CLERK
BY _____ DEPUTY CLERK

AO 245B    (Rev. 12/03) Judgment in Criminal Case
              Sheet 2 — Imprisonment

| | |
|---|---|
| DEFENDANT: **TIMOTHY GIBSON** | Judgment — Page 2 of 5 |
| CASE NUMBER: **CR-03-00910(S-5)** | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**A term equal to the period of time the defendant has already served on this charge.**

☐ The court makes the following recommendations to the Bureau of Prisons:

**X** The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____.

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: **TIMOTHY GIBSON**
CASE NUMBER: **CRr-03-00910(S-5)**

Judgment—Page **3** of **5**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

3 years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **TIMOTHY GIBSON**
CASE NUMBER: **CR-03-00910(S-5)**

Judgment—Page 4 of 5

## SPECIAL CONDITIONS OF SUPERVISION

That the defendant follow the directions of the Probation Department with respect to substance abuse treatment.

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties

| DEFENDANT: | **TIMOTHY GIBSON** | Judgment — Page 5 of 5 |
|---|---|---|
| CASE NUMBER: | CR-03-00910(S-5) | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| TOTALS | $ | $ |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the    ☐ fine   ☐ restitution.

  ☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF NEW YORK

------------------------------X   Docket#
UNITED STATES OF AMERICA       :  03-cr-910
                               :
     - versus -                :  U.S. Courthouse
                               :  Brooklyn, New York
TIMOTHY GIBSON,                :
              Defendant        :  July 6, 2005
------------------------------X
```

TRANSCRIPT OF CRIMINAL CAUSE FOR SENTENCING
BEFORE THE HONORABLE CHARLES P. SIFTON
UNITED STATES DISTRICT JUDGE

**A P P E A R A N C E S:**

**For the Government:**       Roslynn R. Mauskopf, Esq.
                              United States Attorney

                      BY:     **John Buretta, Esq.**
                              Assistant U.S. Attorney
                              225 Cadman Plaza East
                              Brooklyn, New York  11201


**For the Defendant:**        **Michael Houston, Esq.**




**Official Transcriber:**     Rosalie Lombardi

                                   L.F.

**Transcription Service:**    **Transcription Plus II**
                              823 Whittier Avenue
                              New Hyde Park, N.Y.  11040
                              (516) 358-7352


Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

Proceedings

2

1   THE CLERK: Criminal Cause for Sentencing,
2  United States v. Timothy Gibson.
3       THE COURT: Who is appearing for the
4  prosecution?
5       MR. BURETTA: John Buretta.
6       Good afternoon.
7       THE COURT: And for Mr. Gibson?
8       MR. HOUSTON: Michael Houston for the
9  defendant.
10      Good afternoon, your Honor.
11      THE COURT: Good afternoon, Mr. Houston.
12      Have you and your client both had an
13  opportunity to review the original presentence report and
14  the addendum that was submitted July 5?
15      MR. HOUSTON: Your Honor, I have just received
16  the addendum. I have reviewed it briefly with my client.
17      THE COURT: Well --
18      MR. HOUSTON: The prior one; yes, your Honor.
19      THE COURT: Have you had enough time to review
20  it or do you want more time to look it over?
21      MR. HOUSTON: Your Honor, we have had
22  sufficient time to look at it.
23      THE COURT: Okay. I have received
24  correspondence and a sentencing memorandum from
25  Mr. Houston and a response from the government. Most --

Transcription Plus II          Rosalie Lombardi

Proceedings

3

1   I mean, the issues to the extent they haven't been
2   corrected like the misspellings and the status of the
3   defendant's parents marriage leave a question as to the
4   defendant's role and the quantity of drugs and whether a
5   departure is appropriate and the seriousness of the
6   offense.
7          There is a request, I note, for a fatico
8   hearing with respect to the quantity.  However, I note
9   the government believes that an offense level based on 50
10  grams of crack is appropriate, bearing in mind that I
11  will probably in this case, as in others, treat that as
12  an overstatement of the seriousness of the offense at the
13  present ratio.
14         Does this resolve the question as to drug
15  quantity, Mr. Houston or do you wish --
16         MR. HOUSTON:  It's resolved, your Honor.
17         THE COURT:  Okay.  As I understand that, you've
18  also resolved the safe85Xr                 emains this
19  issue concerning the defendant's role.  Anything further
20  that you want to say on the question of the defendant's
22  role in the         ON:  Nothing more than that the
23  government and the defendant are in agreement that is
24  entitled to a minor role.  Probation takes a contrary
25  point of view.

Transcription Plus II          Rosalie Lombardi

4

**Proceedings**

1    THE COURT: Okay. But that's what your --
2    MR. HOUSTON: My papers say.
3    THE COURT: You are seeking that rather than a
4  minimum role?
5    MR. HOUSTON: Yes, your Honor.
6    THE COURT: All right. So, taking all that
7  together, are both sides agreed that the appropriate
8  guideline level is a 23 with a guideline range of
9  somewhere between 46 and 57 months? Is that where you
10 come out?
11   MR. BURETTA: Yes, your Honor.
12   THE COURT: Okay. Assuming that I treat this
13 case as I have treated others as a non-guideline sentence
14 with a lower offense level because of my view as to the
15 overstatement, the seriousness of the offense, and using
16 a ten or 20 to one ratio, my calculations say that that
17 would bring Mr. Gibson down to a level 16 and a criminal
18 history category of one, exposing him to a sentence
19 somewhere between 21 and 27 months.
20   He's already served what, two years -- close to
21 two years?
22   MR. HOUSTON: 23 months, almost.
23   THE COURT: 23 months. So, that's my current
24 view of things. Anything further you want to say,
25 Mr. Houston or Mr. Buretta?

5

**Proceedings**

1  MR. HOUSTON: Just two things, your Honor, one
2  Mr. Gibson asked me to tell the Court that his mother
3  would have been here but there is a family member of
4  theirs, his sister, is sick in Guyana. So, she had to
5  attend to that.
6  THE COURT: Okay.
7  MR. HOUSTON: And also if Mr. Gibson were to
8  have a period of incarceration, I would just ask that he
9  be afforded or this court recommend drug treatment.
10  THE COURT: Okay. Anything more, Mr. Buretta,
11  you want to add or say?
12  MR. BURETTA: No, your Honor, we disagree with
13  the ratio but it isn't going to make a difference.
14  THE COURT: All right.
15  Mr. Gibson, is there anything you would like to
16  say yourself in your own words before I impose sentence?
17  THE DEFENDANT: Yes, your Honor.
18  THE COURT: Sure. Go ahead.
19  THE DEFENDANT: Your Honor, I thank you for
20  giving me a chance to speak. I also want to give my
21  apology to the Court, and an apology to you, your Honor.
22  I want to give an apology to the government and to
23  apologize to my family for being -- the trouble I put
24  them through. That's all. Thank you.
25  THE COURT: Okay. There is also a reference to

6

**Proceedings**

1  a departure from the guideline sentence based on
2  extraordinary family circumstances and while I recognize
3  that as Mr. Gibson says his problems have created
4  difficulties for his family, they're not of such an
5  unusual nature as to warrant a guideline departure.
6          Nevertheless, in going over the Section 3553
7  factors, as I mentioned, I think the seriousness of the
8  offense is overstated by the guideline ratio and I intend
9  to sentence Mr. Gibson more leniently under a more fairer
10 and just ratio of powder to crack cocaine level of 10 or
11 20 to 1.
12         I've considered the defendant's personal
13 circumstances and the need to protect the community and
14 need most significantly for deterrence.  He does not have
15 a criminal history which he's relatively young in the
16 group of defendants that we're dealing with in this case.
17 And considering all of the appropriate factors under the
18 statute, I am going to sentence him to the custody of the
19 attorney general for the period of time that he is
20 already served.
21         I'm going to impose a three year period of
22 supervision to follow his release from prison.  I'm not
23 going to impose a fine because financially, he's not in a
24 position to pay one.  And I'll impose the $100 special
25 assessment that's required by law.

7

**Proceedings**

1    I'll make it a special condition of his
2  supervision that he follow the directions of the
3  probation department with regard to substance abuse
4  treatment.
5    You have a right to appeal, Mr. Houston **(sic)**,
6  from the sentence and proceedings.  If you wish to pursue
7  an appeal, a notice of appeal must be filed within ten
8  days.  If you lack the funds to pay the cost of the
9  appeal, the cost can be waived and an attorney can be
10 appointed to represent you at no cost to you.
11   On application of the government to dismiss the
12 open counts, 19 and 20 in the underlying indictments.
13   Anything further?
14   MR. HOUSTON:  No, your Honor, thank you.
15        (Matter concluded)
16              -oOo-

Transcription Plus II           Rosalie Lombardi

8

# C E R T I F I C A T E

    I, ROSALIE LOMBARDI, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

    I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

    IN WITNESS WHEREOF, I hereunto set my hand this __6th__ day of __July__, 2005.

*[signature: Rosalie Lombardi]*
------------------------

Rosalie Lombardi
Transcription Plus II